Dear Mr. Luster:
Your request for an opinion concerning the appointment of indigent criminal defenders has been forwarded to me for research and reply. Specifically, you have asked the following questions:
1. Does civil representation of the Louisiana Insurance Guaranty Association (LIGA) in defense-related matters prevent the appointment of attorneys for indigents in criminal cases?
2. Does civil representation of the Louisiana Department of Transportation and other similar state agencies preclude appointment of attorneys for indigents in criminal cases?
Louisiana law expressly prohibits the attorney general or any assistant attorney general from representing defendants in criminal prosecutions. Article 65 of the Louisiana Code of Criminal Procedure provides, in pertinent part:
"It is unlawful for the following officers or their law partners to defend or assist in the defense of any person charged with an offense in any parish of the state:
(2) The attorney general or any assistant attorney general provided that the provisions of this article shall not apply to the law partners of any assistant attorney general not employed to handle criminal matters for the attorney general, when any such law partner is judicially appointed to defend an indigent defendant."
Official Revision Comment (a) clearly explains the underlying policy rationale for such a prohibition: It remains desirable to avoid " even the suggestion of impropriety which could arise from the participation . . . in the defense of a criminal case."
Thus, under the terms of La.C.Cr.P. art. 65 (2), an attorney will be exempt from appointment as an indigent defender only if he/she is classified as an assistant attorney general. Therefore, the applicability of the exemption remains dependent on the particular representation by the attorney.
However, the prohibitions of article 65 do not apply where an attorney has represented LIGA. Under La. R.S. 22:1380, the Louisiana Insurance Guaranty Association is a private, nonprofit, unincorporated legal entity. Section 1380 (B) explicitly provides that "[t]he association is not and may not be deemed a department, unit, agency, or instrumentality of the state for any purpose." An attorney who represents LIGA in a civil matter acts on behalf of a private client and not the state. Consequently, such representation is not in the capacity of an assistant attorney general; and therefore these attorneys could not claim an exemption from indigent representation under La. C.Cr.P. art.65.
Conversely, the prohibitions of La. C.Cr.P. art. 65 prove applicable to other private attorneys contracted to represent the state and its agencies. These attorneys receive commissions denoting them as special assistant attorneys general. Thus, they would fall within the purview of La. C.Cr.P. art. 65 and could not be appointed as indigent defenders.
However, a commission as a special assistant attorney general remains inextricably linked with the attorney's employment contract with the state. When the employment contract expires — either by the extinction of its stated term or by the completion of its required obligations — then the commission as a special assistant attorney general lapses also. Thereafter an attorney cannot claim an exemption, and thus he/she may be appointed to represent indigent defendants without violating La. C.Cr.P. art. 65.
Nonetheless, this opinion does not contemplate any potential ethical considerations under the Model Rules of Professional Responsibility. Such questions should be addressed to the Louisiana State Bar Association.
Therefore, it is the opinion of this office that only a contract attorney representing the state or its agencies as a commissioned special assistant attorney general remains subject to the law's prohibitions on unlawful criminal defense. Accordingly, such representation would preclude an appointment as counsel for indigent defendants in criminal matters during the pendency of the employment contract.
If our office can be of further assistance, please do not hesitate to contact us. With kindest regards, I remain
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ ROBERT L. ODINET Assistant Attorney General